UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Case No. 13-20348

v.

                                    Hon. John Corbett O'Meara

D-2 CECIL KENT, JR.,

    Defendant.
_____/

## ORDER DENYING MOTIONS FOR DISCOVERY

      Before the court are Defendant Cecil Kent, Jr.'s motions to disclose identity of trial witnesses and for specific discovery. Defendant has been charged with health care fraud, conspiracy to commit health care fraud, false statements relating to health care matters, and criminal forfeiture. See Second Superseding Indictment, Docket No. 95. Trial in this matter is scheduled for September 28, 2015.

      Defendant notes that he has received 12,327 pages of discovery and has reason to believe that certain defendants in another criminal action (and who are mentioned in the Second Superseding Indictment) may testify for the government. These individuals are Alphonso Berry, M.D., Marcus Jenkins, and Elizabeth Jenkins.

      Defendant moves for the disclosure of the government's trial witnesses well

in advance of trial. The government objects and states that it will provide a list of witnesses on September 25, 2015.

Relying on precedent from the Southern District of New York, Defendant argues that the court has discretion to order the government to provide a witness list in advance of trial, if certain factors weigh in favor of disclosure. See United States v. Turkish, 457 F. Supp. 881 (S.D.N.Y. 1978). Courts in the Sixth Circuit, however, have not adopted the Turkish test. Rather, the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government." United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984).

The government has agreed to provide a list of witnesses three days before trial, which provides Defendant some advance notice. Although Defendant desires additional notice in order to prepare his case, he is in the same position as most criminal defendants. "Even if one argues that broader discovery rules in this area 'might be desirable, the Constitution surely does not demand that much.'" Id. (quoting United States v. Agurs, 427 U.S. 97, 109 (1976)). Defendant has not presented any unusual or compelling circumstances warranting additional advance notice.

Defendant also seeks information from the presentence investigation reports

for Alphsonso Berry, Elizabeth Jenkins, and Marcus Jenkins, who are defendants in a separate case, United States v. Berry, No. 11-20648.  Specifically, Defendant seeks the PSR worksheets setting forth the sentencing guidelines.  Defendant expects that Berry, Jenkins, and Jenkins will testify on behalf of the government in this matter and that the government will move for a reduction in their sentences in exchange for their cooperation.  Defendant wants the PSR worksheets so that he may effectively cross-examine and attack the credibility of these witnesses.

Presentence reports are prepared for the court's use by the Probation Office and are generally considered to be confidential.  "Courts are reluctant to give third parties access to the presentence reports due to the need to protect the confidentiality of the reports, and out of fear that disclosure of the reports 'will have a chilling effect on the willingness of individuals to contribute information.'" United States v. Freeman, 2015 WL 1780471 at *1 (E.D. Mich. Apr. 20, 2015) (quoting U.S. Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988)).  See also United States v. Sherlin, 67 F.3d 1208, 1218 (6th Cir. 1995) ("Neither *Brady* nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a presentence report concerning a government witness, prepared for the court, to the defense upon request.").

"[C]ourts have typically required some showing of a special need before

they will allow a third party to obtain a copy of a presentence report." Julian, 486 U.S. at 12. See United States v. Molina, 356 F.3d 269, 275 (2d Cir. 2004) ("[N]o *in camera* review of a co-defendant's PSR is required without a threshold showing of a good faith belief that a co-defendant's PSR contains exculpatory evidence not available elsewhere."); United States v. Corbitt, 879 F.2d 224, 239 (7th Cir. 1989) ("Only where a compelling, particularized need for disclosure is shown should the district court disclose the report."); United States v. McKnight, 771 F.2d 388, 390 (8th Cir. 1985) ("[P]resentence reports are not public and should not be disclosed to third persons absent a demonstration that disclosure is required to meet the ends of justice.").

    Defendant's argument that the PSR worksheets are necessary for effective cross-examination is not sufficient to establish a compelling or particularized need for their disclosure. See United States v. Ruibal, 2014 WL 320204 at *2 (W.D. Mich. Jan. 29, 2014) ("Defendants' speculation that their codefendants' presentence reports might contain information that could be useful for impeachment purposes falls short of the required showing of compelling or particularized need."); Freeman, 2015 WL 1780471 at *2 ("Abstract arguments about how the presentence report will affect cross-examination or the presentation of other evidence is considered to fall short of the 'particularity required to

demonstrate a compelling need.'").  Accordingly, the court will deny Defendant's request.

IT IS HEREBY ORDERED that Defendant's motions to disclose identity of trial witnesses [Docket No. 88] and for specific discovery [Docket No. 91] are DENIED.

                                          s/John Corbett O'Meara
                                          United States District Judge

Date:  September 9, 2015


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 9, 2015, using the ECF system.

                                          s/William Barkholz
                                          Case Manager